

Justin A. MacLean
Tel 212.801.3137
macleanj@gtlaw.com

August 3, 2021

**VIA ECF**
The Honorable Ona T. Wang
United States Magistrate Judge
United States Courthouse
500 Pearl Street, Room 20D
New York, NY 10007



Re:   *The Sanborn Library LLC et al. v. ERIS Information Inc. et al.,* No. 19-cv-2049

Dear Judge Wang:

Pursuant to Fed. R. Civ. P. 37(c)(1), Local Rule 37.2, and Rule II.b of Your Honor's Individual Practices, ERIS[1] respectfully requests an order compelling third-party Silver Lake Management Company V, L.L.C ("Silver Lake") to appear for deposition. ERIS and Silver Lake, through counsel, formally met and conferred by telephone on July 16, 2021, but were unable to resolve their dispute.

1. **Background**

On November 9 and 13, 2020, ERIS served its subpoenas for documents and for testimony on Silver Lake. See Exs. 1-2.[2] On December 1, 2020, Silver Lake served objections to certain items in the subpoenas. See Ex. 3-4. Over the course of several months, ERIS and Silver Lake conferred, and Silver Lake produced many relevant documents, with its last production on or about April 2, 2021, and its privilege log served on June 11, 2021. During the course of continuing discovery, including ERIS' ongoing review of Silver Lake's documents and the depositions of EDR's representatives, it became clear that Silver Lake's deposition was necessary. ERIS reiterated its deposition request to Silver Lake on May 18, 2021, and requested Silver Lake's availability for June or July 2021.

On June 18, 2021, Silver Lake declared that it did not believe a deposition was warranted and requested that ERIS provide its rationale, an itemization of deposition topics, and the anticipated length of such a deposition. ERIS responded on June 25, 2021, explaining that the deposition was necessary based upon the content of the documents produced by Silver Lake and the relevant statements made to Silver Lake during its acquisition of EDR. ERIS also agreed to limit the deposition to less than one day of testimony and to narrow the topics from those listed in the deposition subpoena. Silver Lake responded on June 30, 2021 that it still did not believe a deposition was warranted. On July 16, 2021, the parties met and conferred, but were not able to reach resolution. The impasse was re-confirmed by email on July 28, 2021. At no time has Silver Lake ever moved to quash the subpoenas.

2. **Silver Lake's Relevance and Connection to this Action**

EDR accuses ERIS of infringing copyrights in its collection of Sanborn Maps, alleging that ERIS' "collection of nearly one million fire insurance maps … is built *entirely* of Sanborn Library's

---

[1] "ERIS" refers collectively to Defendants/Counterclaim-Plaintiffs ERIS Information Inc., Eco Log Environmental Risk Information Services Ltd., and ERIS Information Limited Partnership. "EDR" refers to Plaintiff/Counterclaim-Defendants The Sanborn Library LLC and Environmental Data Resources, LLC, either individually or collectively.
[2] All exhibits referenced herein are attached to the Declaration of Justin A. MacLean, filed concurrently herewith.

**Greenberg Traurig, LLP | Attorneys at Law**
MetLife Building  |  200 Park Avenue  |  New York, New York 10166  |  T +1 212.801.9200  |  F +1 212.801.6400

www.gtlaw.com

August 3, 2021
Page 2

*copyrighted* maps." (Dkt. 1 ¶ 5; Dkt. 12 ¶ 5.) ERIS has denied EDR's claims and has asserted affirmative defenses and counterclaims, including (among others) copyright misuse, unclean hands, antitrust violations (including through sham litigation and failure to license standard-essential content), false advertising, and associated state law tort claims. (*See generally* Dkt. 31, 40.) Among other things, EDR has perpetuated the false narrative that it owns all of the copyrights, that the copyrights cover *all* (or even the majority) of the maps, and that the only way to lawfully obtain standard-essential Sanborn Maps is through EDR—tales that have enabled EDR to maintain, by its own calculations, a market share of between ▓▓▓ and ▓▓▓ (Ex. 5 at EDR00835945.)

EDR has been aware that ERIS provided Sanborn Maps in connection with environmental data reports since 2013 (Exs. 6-8), and apparently began investigations forming the basis for this very lawsuit as far back as ▓▓▓ (Exs. 9, 10 at entry 1981.) In 2018, in the midst of those investigations, DMGT (EDR's former parent) sold EDR to Silver Lake (and a minority investor) for approximately $205 million.[3]

Documents produced in this case show that Silver Lake's due diligence during its acquisition of EDR *specifically* focused on ERIS, the Sanborn collection at issue, and ***this lawsuit***. For example, Silver Lake documents suggest that, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. 12.) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓—an important issue in this case. (Ex. 13 at SLP_LB0003125.)[4] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. 14 at SLP_LB0003156-57.) Other documents show that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (Ex. 15.) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. 16 at EDR00443052.) Thus, this very litigation was part and parcel of the package Silver Lake discussed and acquired from DMGT, and its expected value and potential outcomes were baked into the transaction price.

3. **Silver Lake Should Be Compelled to Appear at Deposition**

The subpoena for testimony served on Silver Lake seeks testimony on thirteen narrow, relevant topics. (Ex. 2.) During the meet-and-confer negotiations, ERIS further limited those topics, to the following: (i) Silver Lake's communications with third parties regarding EDR, ERIS, and ERIS' alleged infringement during Silver Lake's due diligence into the EDR acquisition; (ii) communications Silver Lake had with EDR and EDR's former owner (DMGT) regarding ERIS and EDR's investigation into alleged infringement; and (iii) Silver Lake's consideration of the aforementioned factors in its decision to purchase EDR. ERIS requests a deposition of Silver Lake on these three crucial topics. Additionally, ERIS requests that the deposition last for a total of only four (4) hours (assuming witness responsiveness) and be conducted remotely, obviating the need for any travel. By allowing for the production of documents on a relaxed, rolling timeframe, waiting to see what documents were produced before determining a deposition was necessary, and negotiating in good faith to limit the

---

[3] See https://www.silverlake.com/Images/Uploads/docs/Silverlake13031801282710547.pdf. According to documents produced in this case, Silver Lake's stake in EDR is ▓▓▓▓▓▓▓▓▓. (Ex. 11.)
[4] Exhibit 14 was produced by Silver Lake only after ERIS took Mr. Barber's deposition, and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

August 3, 2021
Page 3

scope, timing, and manner of the deposition, ERIS took "reasonable steps to avoid imposing undue burden or expense" on Silver Lake. Fed. R. Civ. P. 45(d)(1).

The relevance and importance of the testimony ERIS seeks cannot be questioned. *See, e.g., Delta Air Lines, Inc. v. Lightstone Grp., LLC*, 2021 WL 2117247, at *2 (S.D.N.Y. May 24, 2021) (Wang, M.J.) (relevance is "an extremely broad concept" and a "low threshold"). Moreover, the testimony ERIS seeks can be obtained only through Silver Lake. EDR does not have access to the information relating to Silver Lake's pre-acquisition communications with third parties. EDR's Rule 30(b)(6) witness on the topic was unable to provide any information on pre-acquisition communications between Silver Lake and EDR (*see* Ex. 17), on which EDR would only be able to provide *its* perspective. Silver Lake's consideration of ERIS' alleged infringement is, again, known only to Silver Lake. Neither the authentication of documents nor written statements about those documents (which would inevitably be "wordsmithed" by counsel) would suffice—testimony about the context of and matters related to the produced documents is equally important, and "oral testimony is a medium far superior for evaluating credibility [among other issues] than the cold written word[.]" *SEC v. Spectrum, Ltd.*, 489 F.2d 535, 541 (2d Cir. 1973).

Silver Lake may argue that it should be spared attendance at deposition because of its "third party" status. This argument is frivolous. Silver Lake is the majority owner of EDR,[5] having the practical ability to control EDR's business (and this litigation). ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ (Exs. 10, 18.) Finally, Silver Lake has a significant financial stake in the outcome of this case. EDR has asked the Court to award over $1 billion in statutory damages[6]—enabling Silver Lake to quintuple its investment. Silver Lake may not appear on the caption of this action, but it is anything but an innocent bystander.

Nor can Silver Lake meet its "burden of demonstrating an undue burden to justify curtailing discovery." *Delta Air Lines*, 2021 WL 2117247, at *2 (internal quotation marks omitted). "[I]nconvenience alone" will not "justify an order to quash a subpoena that seeks potentially relevant testimony." *Usov v. Lazar*, 2014 WL 4354691, at *16 (S.D.N.Y. Aug. 22, 2014) (internal quotation marks omitted). A deposition would not impose a burden on Silver Lake "in a more significant way than it would on any other witness." *Universitas Education, LLC v. Nova Grp., Inc.*, 2013 WL 57892, at *2 (S.D.N.Y. Jan. 4, 2013). While this Court should give "consideration regarding expense and inconvenience," and "be generally sensitive to the costs imposed on" third parties, *Usov*, 2014 WL 4354691, at *16 (cleaned up), such consideration and sensitivity does not permit Silver Lake to avoid compliance with a valid subpoena, especially after it has been surgically narrowed.

Rule 45 does not require avoidance of all possible burdens—only *undue* burdens. In light of Silver Lake's corporate proximity to EDR, its financial stake in this litigation, and the narrowness and relevance of testimony sought by ERIS, any burdens that Silver Lake may face are not undue. Accordingly, ERIS respectfully requests that the Court compel Silver Lake to appear for deposition.

Respectfully submitted,

/s/ Justin A. MacLean

---

[5] EDR has already taken the multi-day deposition of a principal of ERIS' owner, Glacier Media.
[6] EDR has accused ERIS of (i) infringing 3,038 copyright registrations and seeks $150,000 per work (Dkt. 12 ¶ 48), and (ii) committing 21,146 DMCA violations, seeking $25,000 per violation (*id.* ¶ 58).

August 3, 2021
Page 4

cc:     Counsel of Record (via email and ECF)
        Stephen P. Blake, Esq. (via email)
        Kourtney Kinsel, Esq. (via email)

> ERIS's motion to compel Silver Lake's deposition is **GRANTED**. The Clerk of Court is directed to close ECF 127 and 128.
>
> **SO ORDERED.**
>
> _/s/ Ona T. Wang_
>
> Ona T. Wang            9/22/21
> U.S.M.J.