

Justin A. MacLean
Tel 212.801.3137
macleanj@gtlaw.com

October 25, 2021

**VIA ECF**
The Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
500 Pearl Street, Courtroom 20D
New York, NY 10007-1312

**MEMO ENDORSED.**

Re:   *The Sanborn Library LLC et al. v. ERIS Information Inc. et al.*, Case No. 1:19-cv-02049

Dear Judge Wang:

      We represent Defendants and Counterclaim-Plaintiffs ERIS Information Inc., ERIS Limited Partnership, and Eco Log Environmental Risk Information Services Ltd. (collectively, "ERIS") in the above captioned matter. Upon conferring with and with the consent of Plaintiff and Counterclaim-Defendants Sanborn Library LLC and Environmental Data Resources, LLC (collectively, "EDR"), we respectfully request the Court's permission to file certain portions of ERIS' Memorandum of Law in Support of ERIS' Motion to Compel Production of Allegedly Privileged Documents (the "Motion"), and certain exhibits to the Declaration of Justin A. MacLean supporting the Motion, under seal. Pursuant to Fed. R. Civ. P. 5.2 and Sections III.d. and IV.a. of Your Honor's Individual Practices, ERIS has publicly filed on ECF a redacted version of the Motion. Pursuant to Your Honor's Order of October 20, 2021 (Dkt. 155), ERIS contemporaneously submits a flash drive directly to the Court containing the unredacted version of the Memorandum of Law and MacLean Declaration with Exhibits 1–115.

      ERIS' Opposition attaches and describes the contents of the following exhibits that are designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" in accordance with the Amended Protective Order (Dkt. No. 96):

1. Exhibit 1 contains excerpts from EDR's privilege log(s) served in this case, which purport to identify and describe confidential documents and communications involving EDR, in-house counsel, outside counsel, and/or third parties, with which EDR maintains a confidential business relationship. EDR has designated its privilege log as "Highly Confidential – Outside Counsel's Eyes Only."

2. Exhibits 5, 7–8, and 56 contain excerpts of deposition testimony given by EDR employees or former employees Paul Schiffer (dated June 29–July 1, 2021), Mark Cerino (dated January 25, 2021), and Joseph Burstiner (dated January 20, 2021), which discuss various aspects of EDR's confidential copyright research, business affairs, business/marketing/sales strategy, and/or internal preparations for this litigation. EDR has designated this deposition testimony as "Highly Confidential – Outside Counsel's Eyes Only."

3. Exhibit 47 contains excerpts of deposition testimony given by ERIS employee Carol LeNoury dated February 11, 2021, which discusses various aspects of ERIS' confidential business decisions, internal deliberations and advice of counsel in light of EDR's cease and desist letter(s) to ERIS. ERIS has designated this deposition testimony as "Highly Confidential – Outside Counsel's Eyes Only."

4. Exhibits 4, 9–15, 18, 20, 23–26, 34–39, 43, 45, 48–52, 55, 59–66, 70, 83–84, 86, and 110–114 are emails, presentations, and other documents produced by EDR that reflect various aspects of EDR's confidential copyright research, business affairs, business/marketing/sales strategy, and/or internal preparations for this litigation. EDR has designated these documents as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only."

5. Exhibits 22 and 40–42 are letters or communications between counsel for EDR and the Federal Trade Commission (FTC) in connection with the FTC's investigation into EDR's acquisition of FirstSearch. EDR has designated these documents as "Highly Confidential – Outside Counsel's Eyes Only."

6. Exhibit 27 contains excerpts of deposition testimony given by non-party William Forsyth, 30(b)(6) representative of ProQuest LLC dated November 17, 2020, which discusses confidential communications with EDR representatives regarding aspects of their business relationship. ProQuest has designated this deposition testimony as "Highly Confidential – Outside Counsel's Eyes Only."

7. Exhibit 29 is a document produced by ProQuest LLC which appears to portray confidential internal deliberations into copyright "disclaimer" language involving Sanborn Maps on its website, which may also implicate confidential communications with EDR relating to EDR's and ProQuest's business relationship. ProQuest has designated this document as "Confidential."

8. Exhibit 33 is EDR's supplemental answers to certain interrogatories propounded by ERIS regarding the chain of title to the Sanborn Maps and the creation of certain presentations relating to the copyright status of the Sanborn Maps. EDR's answers reflect the content and manner of creation of certain documents reflecting EDR's confidential research into the copyright status of its Sanborn Map collection and internal business decisions. EDR has designated these answers as "Highly Confidential – Outside Counsel's Eyes Only."

9. Exhibits 67–69 are correspondence between counsel for ERIS and EDR that encompass confidential settlement communications pursuant to Federal Rule of Evidence 408. EDR has designated these documents as "Highly Confidential – Outside Counsel's Eyes Only."

The exhibits described above reflect the commercially sensitive business information of EDR, ERIS, and/or third parties, the disclosure of which may result in competitive injury. Moreover, ERIS' request to seal is narrowly tailored to cover only specific testimony and documents that are referenced in support of its Motion and portions of the Motion that necessarily implicate confidential information. The interest to be protected by filing under seal therefore outweighs the presumption of public access under the test set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *see also GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal highly

October 25, 2021
Page 3

proprietary material concerning marketing strategies, product development, among others); *Kidd v. Thomson Reuters Corp.*, 299 F. Supp. 3d 400, 408 (S.D.N.Y. 2017) (sealing "proprietary, confidential, and commercially sensitive internal training materials").

The privacy interests of third parties such as ProQuest and the persons with whom EDR has a confidential business relationship are an additional reason to seal the deposition testimony of ProQuest's 30(b)(6) representative and Exhibits 1 and 29. *See United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995) ("The privacy interests of innocent third parties should weigh heavily in a court's balancing equation…. Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access."). The subject matter of these documents and testimony—EDR's business dealings with ProQuest and other third parties—is "traditionally considered private rather than public," and as noted above, could subject EDR, ProQuest, or the other third parties to competitive injury if these documents and information are disclosed to competitors. *Id.* at 1051.

Moreover, none of the materials sought to be sealed is a pleading. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016). Instead, these exhibits are filed in support of a non-dispositive motion and contain business information deemed by EDR, ERIS, and/or third-parties to be commercially sensitive.

For the foregoing reasons, ERIS respectfully requests that the Court grant its motion to seal.

Respectfully submitted,

*/s/ Justin A. MacLean*

cc: Counsel of Record (via ECF)

---

Application **GRANTED**. The Clerk of Court is respectfully directed to close ECF 158.

**SO ORDERED.**

Ona T. Wang     8/30/22
U.S.M.J.