

Justin A. MacLean
Tel 212.801.3137
Fax 212.309.9537
macleanj@gtlaw.com

December 31, 2021

**VIA ECF**

The Honorable Ona T. Wang      **MEMO ENDORSED.**
United States Magistrate Judge
United States District Court
500 Pearl Street, Courtroom 20D
New York, NY 10007-1312

Re:     *The Sanborn Library LLC et al. v. ERIS Information Inc. et al.*, Case No. 1:19-cv-02049

Dear Judge Wang:

      We represent Defendants and Counterclaim-Plaintiffs ERIS Information Inc., ERIS Limited Partnership, and Eco Log Environmental Risk Information Services Ltd. (collectively, "ERIS") in the above captioned matter. Upon conferring with and with the consent of Plaintiff and Counterclaim-Defendants Sanborn Library LLC and Environmental Data Resources, LLC (collectively, "EDR"), we respectfully request the Court's permission to file certain portions of ERIS' Memorandum of Law in Support of ERIS' Motion to Compel Production of Allegedly Privileged Documents (the "Reply") under seal. Pursuant to Fed. R. Civ. P. 5.2 and Sections III.d. and IV.a. of Your Honor's Individual Practices, ERIS has publicly filed on ECF a redacted version of the Reply, and submits with this letter an unredacted version of its submission.

      ERIS' Reply includes quotations from, or very close paraphrased excerpts of, several Exhibits to the Declaration of Justin A. MacLean submitted in connection with ERIS' motion to compel. (Dkt Nos. 162-163.) Those Exhibits are designated as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" in accordance with the Amended Protective Order (Dkt. No. 96), and ERIS previously moved to seal those Exhibits (Dkt. No. 158), as follows:

1. Exhibit 1 contains excerpts from EDR's privilege log(s) served in this case, which purport to identify and describe confidential documents and communications involving EDR, in-house counsel, outside counsel, and/or third parties, with which EDR maintains a confidential business relationship. EDR has designated its privilege log as "Highly Confidential – Outside Counsel's Eyes Only."

2. Exhibits 15, 26, 38, 59, and 63 are emails, presentations, and other documents produced by EDR that reflect various aspects of EDR's confidential copyright research, business affairs, business/marketing/sales strategy, and/or internal preparations for this

Greenberg Traurig, LLP | Attorneys at Law
One Vanderbilt Avenue  |  New York, New York 10017  |  T +1 212.801.9200  |  F +1 212.801.6400

www.gtlaw.com

December 31, 2021
Page 2

    litigation. EDR has designated these documents as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only."

3. Exhibits 40–42 are letters or communications between counsel for EDR and the Federal Trade Commission (FTC) in connection with the FTC's investigation into EDR's acquisition of FirstSearch. EDR has designated these documents as "Highly Confidential – Outside Counsel's Eyes Only."

4. Exhibit 56 constitutes excerpts of deposition testimony given by EDR employee Paul Schiffer. The deposition excerpt quoted in the Reply discusses certain aspects of EDR's confidential copyright research and internal preparations for this litigation. EDR has designated this deposition testimony as "Highly Confidential – Outside Counsel's Eyes Only."

    The portions of exhibits described above that are quoted in ERIS' Reply reflect the commercially sensitive business information of EDR and/or third parties, the disclosure of which may result in competitive injury. Moreover, ERIS' request to seal is narrowly tailored to cover only specific portions of the Reply that necessarily implicate confidential information in the documents referenced above. The interest to be protected by filing under seal therefore outweighs the presumption of public access under the test set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *see also GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal highly proprietary material concerning marketing strategies, product development, among others); *Kidd v. Thomson Reuters Corp.*, 299 F. Supp. 3d 400, 408 (S.D.N.Y. 2017) (sealing "proprietary, confidential, and commercially sensitive internal training materials"). Moreover, none of the materials sought to be sealed is a pleading. *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016). Instead, the portions of the Reply sought to be sealed are filed in support of a non-dispositive motion and contain business information deemed by EDR to be commercially sensitive.

    For the foregoing reasons, ERIS respectfully requests that the Court grant its motion to seal.

Respectfully submitted,

*/s/ Justin A. MacLean*

cc:    Counsel of Record (via ECF)

---

Application **GRANTED**. The Clerk of Court is respectfully directed to close ECF 175.

**SO ORDERED.**

_____
Ona T. Wang                     8/30/22
U.S.M.J.