**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
THE SANBORN LIBRARY LLC,                           :
                                                   :
                    Plaintiff,                     :          19-CV-2049 (LAK) (OTW)
                                                   :
                    -against-                      :          **ORDER**
                                                   :
ERIS INFORMATION INC., et al.,                     :
                                                   :
                    Defendants.                    :
                                                   :
                                                   :
-----------------------------------------------------------x
ERIS INFORMATION INC., et al.,                     :
                                                   :
                    Counterclaim-Plaintiffs,       :
                                                   :
                    -against-                      :
                                                   :
THE SANBORN LIBRARY LLC and                        :
ENVIRONMENTAL DATA RESOURCES, LLC,                 :
                                                   :
                    Counterclaim-Defendants.       :
-----------------------------------------------------------x

          **ONA T. WANG**, **United States Magistrate Judge**:


I.   **INTRODUCTION**

          Defendants/Counterclaim-Plaintiffs ERIS Information Inc., Eco Log Environmental Risk

Information Services, Ltd., and ERIS Information Limited Partnership (collectively, "ERIS") bring

a motion to compel the production of privileged documents withheld by the Counterclaim-

Defendants (collectively, "EDR"). ERIS requests the Court conduct an *in camera* review of up to

1,288 documents listed on EDR's much more voluminous privilege log, production of said

documents, a Rule 30(b)(6) deposition of EDR regarding the documents ordered to be

produced, and any unwritten or oral communications that EDR may have had with their counsel

regarding the privileged categories of information.

## II.  BACKGROUND

The factual background of this action is substantially set forth in my Report and

Recommendation granting in part and denying in part EDR's motion to dismiss. (ECF 132). In

brief, EDR alleges various copyright claims against ERIS, accusing it of copying its map collection

to gain an unfair competitive advantage over EDR. (ECF 12, First Amended Complaint ¶ 3). ERIS,

in turn, brings its own counterclaims, alleging anticompetitive activity, false advertising, and

price discrimination under various federal and New York statutes. (ECF 31, First Amended

Answer ¶ 1).

In the present motion, ERIS argues that many of EDR's privileged documents, identified

in its privilege log, are discoverable under the crime fraud exception to privilege, and would

tend to show that EDR and its counsel have brought to court "baseless," "anticompetitive," and

"sham litigation." (ECF 160, ERIS' Memo. of Law in Support of its Motion to Compel at 5-6)[1]

("ERIS Br."). ERIS ultimately seeks to compel production of these privileged documents. (*Id.* at

2).

As an initial matter, I note that while ERIS's motion is brought as a "Motion to Compel

Production of Allegedly Privileged Documents," the immediate relief it seeks is that a "set of

[privileged] documents be provided to the Court for 'rigorous *in camera* review for relevance.'"

(ERIS Br. at 29). While ERIS asks for other relief, namely that EDR produce to ERIS documents

---

[1] All page citations refer to the PDF page of the corresponding ECF entry, not to the document's internal pagination.

that a review "confirms" are subject to the crime-fraud exception, and a Rule 30(b)(6) deposition of EDR relative to the documents "ordered to be produced," such relief obviously cannot be afforded, or even decided upon, prior to said *in camera* review. The Court cannot determine whether the crime fraud exception applies to the privileged documents in question before seeing them. Accordingly, those requests for relief are **DENIED** as premature.

For the reasons that follow, ERIS' request for the Court to conduct an *in camera* review of a subset of EDR's privileged documents is **GRANTED IN PART**, subject to the limitations set forth below.

### III.  ANALYSIS

A district court may engage in *in camera* review of privileged documents to determine the applicability of the crime-fraud exception to attorney-client and work product privilege. *United States v. Zolin*, 491 U.S. 554, 565 (1989); *Madanes v. Madanes*, 199 F.R.D. 135, 151 (S.D.N.Y. 2001). In order to determine whether an *in camera* review is appropriate, there must be "evidence sufficient to support a reasonable belief that *in camera* review may yield evidence that establishes the exception's applicability." *Zolin*, 491 U.S. at 574-75. Specifically, the "proposed factual basis proffered by the party opposing the privilege must strike a prudent person as constituting a reasonable basis to suspect the perpetration or attempted perpetration of a crime or fraud, and that the communications were in furtherance thereof." *Meyer v. Kalanick*, No. 15 CIV. 9796, 2016 WL 3189961, at *3 (S.D.N.Y. June 7, 2016) (quoting *United States v. Jacobs*, 117 F.3d 82, 87 (2d Cir. 1997), *abrogated on other grounds by Loughrin v. United States*, 573 U.S. 351 (2014)) (internal quotation marks omitted). Once the party has successfully made a showing of a factual basis, "the decision whether to engage in an *in camera*

review of the evidence lies in the discretion of the district court." *Id.* The Supreme Court has stated that the evidentiary showing needed to trigger *in camera* review "need not be a stringent one." *Zolin*, 491 U.S. at 574-75.

The Court finds that ERIS has provided a "reasonable basis" to suspect the perpetration of a fraud. ERIS has attached documents suggesting that EDR may have known that at least some of its maps were out of copyright prior to the filing of the present lawsuit (*see* ECF 163, ERIS' Decl. in Support of its Motion to Compel, Exs. 4, 9, 11, 38) ("ERIS Decl."); that it may have attempted to hide or omit mention of which maps are in or out of copyright (*id.*, Exs. 3, 18, 21, 28-29); and that EDR may have engaged in the above practices to induce customers to obtain maps only from EDR and not from other sources (*id.*, Exs. 3, 18, 21, 28-29). The Court finds that ERIS has similarly provided a reasonable basis to suspect that EDR's counsel's communications may have furthered the fraud at issue. For example, EDR has deferred to its communications with counsel when claiming a lack of knowledge regarding the extent to which the Sanborn Map collection is under copyright. (*Id.*, Exs. 55, 57). Accordingly, ERIS has made the requisite threshold showing, and "the determination whether privilege has been correctly asserted must now be made through *in camera* review." *Meyer*, 2016 WL 3189961, at *4.

## IV. CONCLUSION

ERIS asks the Court to adopt its proposed procedure in order to help it determine which of EDR's privileged documents may be subject to the crime-fraud exception. (ERIS' Br. at 27).

ERIS identifies four categories of information[2] that it believes would speak to the application of the crime-fraud exception, and attaches as an exhibit 1,288 entries from EDR's privilege log that it says identify relevant communications with counsel. (*See* ERIS Decl., Ex. 1). ERIS suggests that EDR manually review the subset of withheld documents that correspond to these 1,288 entries on its privilege log, and produce for *in camera* review those documents that relate to the above four categories of information.

The Court declines to adopt ERIS' proposed procedure. Instead, the parties shall proceed as follows: By **September 16, 2022**, ERIS shall identify to EDR **ten (10)** entries on Exhibit 1 of its Decl. in Support that it believes may be subject to the crime-fraud exception. By **September 30**, EDR shall identify to ERIS ten **(10) entries** on Exhibit 1 of ERIS' Decl. in Support that it believes will help the Court determine whether the crime-fraud exception applies. The parties shall identify their chosen entries to each other *ex parte* in a manner convenient for them. By **October 14**, EDR shall produce to the Court the withheld documents that correspond to both parties' chosen entries. On the same date, EDR shall also submit a letter brief, not to exceed five pages, explaining why each document is privileged and why the crime-fraud exception does not apply to the document. The letter brief may be filed under seal. Upon reviewing the twenty documents chosen by the parties for *in camera* review, the Court may identify an additional ten (10) entries on Exhibit 1 of ERIS' Decl. in Support and order EDR to produce those documents for further *in camera* review.

---

[2] These categories of information are: EDR's knowledge that not all Sanborn Maps are in copyright; EDR's knowledge related the chain of title between the different Sanborn entities; EDR's statements to the FTC about the availability of Sanborn Maps from either ERIS or public libraries; and how EDR represented the copyright status or ownership of Sanborn Maps or whether ERIS' maps were infringing. *Id.* 27-28.

The Clerk of Court is respectfully directed to close ECF 159.


**SO ORDERED.**

_s/ Ona T. Wang_

Dated: August 30, 2022                    **Ona T. Wang**
       New York, New York                 United States Magistrate Judge